# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNY ESCUADRA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| FORGE CFS | ) | |
| COMPONENTS, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Johnny Escuadra ("Plaintiff"), by and through counsel, files this Complaint against Defendant Forge CFS Components, LLC ("Defendant" or "Defendant Forge") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.

In support of his claims, Plaintiff asserts as follows:

## INTRODUCTION

1.     This lawsuit arises because Defendant, which operates a large industrial manufacturing plant, failed to pay Plaintiff overtime wages for the many hours he worked in excess of 40 hours per week. Defendant knew that Plaintiff's primary duties were machine operation on a manufacturing production line and thus not exempt from the FLSA overtime requirements. Defendant willfully failed to

pay Plaintiff wages at one and one-half times his regular rate of pay for hours worked in excess of 40-hours per week as required by the FLSA.

## JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.  Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

4.  Plaintiff is a resident of Georgia in this judicial district and division.

5.  Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 201 *et seq*. and 29 U.S.C. § 203(e).

6.  Defendant Forge is a Delaware limited liability company with its principal place of business at 4075 Blue Ridge Industrial Pkwy, Norcross, GA 30071.

7.  Defendant Forge can be served in Georgia through its registered agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

8.  Defendant Forge's annual gross revenue and volume of sales exceeded $500,000.00 for each year in the relevant period.

2

9.     At all relevant times, Defendant has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

10.     Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

11.     Defendant Forge owns and operates a cold-formed steel prefabrication manufacturing plant at 4075 Blue Ridge Industrial Pkwy, Norcross, GA 30071.

12.     Defendant Forge has approximately 30 employees working at the plant and has approximately 60 to 120 additional temporary workers at the plant at various times.

### A. Plaintiff's Employment with Defendant.

13.     Defendant Forge hired Plaintiff as an "Operator/Logistics Coordinator" on February 28, 2022. During his employment, Plaintiff had the job title of "Operator."

14.     Plaintiff left his employment by Defendant Forge on March 10, 2025.

15.     At all relevant times, Plaintiff was an "employee" of Defendant as that term is used in 29 U.S.C. § 203(e)(1).

16.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

17.     At all relevant times, Plaintiff was a non-exempt employee of

Defendant under the FLSA.

18.    At all relevant times, Plaintiff reported to the Factory Manager, Israel Martinez.

19.    Plaintiff's primary duties as an Operator were manual labor consisting of operating and maintaining a Framecad machine and a CNC machine on Defendant's production line. His duties required Plaintiff to load, cut and stack steel sheets and make sure that the steel around the machine remained organized. Plaintiff did not participate in the design of any items produced by the machines he operated. Plaintiff's tasks were physically taxing and highly repetitive, with the machines often printing the same item 600 or more times.

20.    Plaintiff typically worked with one temporary laborer, who would help with picking up or moving materials that fed into or were produced by the machines operated by Plaintiff and were too heavy or large to be lifted by Plaintiff alone.

21.    Plaintiff did not have authority to hire or fire any individuals at the plant, did not manage a department, did not supervise two or more employees, and did not exercise discretion or independent judgment with respect to matters of significance.

**B. Defendant Denied Plaintiff Overtime Compensation.**

22.    At all relevant times, Defendant paid Plaintiff a salary that did not vary with the number of hours Plaintiff worked each week.

23.    Plaintiff regularly and habitually worked at Forge in excess of 40 hours per work week.

24.    Plaintiff worked from Monday through Friday and also most Saturdays at Defendant Forge's plant.

25.    From his hiring until approximately October 2022, Plaintiff worked Monday through Friday from 6 a.m. to 5:30 p.m., and Saturday from 6 a.m. to 2:30 p.m.

26.    From approximately October 2022 through March 2023, Plaintiff worked Monday through Friday from 6 a.m. to 5:30 p.m., and every other Saturday from 6 a.m. to 2:30 p.m.

27.    From approximately April 2023 through October 2024, Plaintiff worked Monday through Friday from 6 a.m. to 4:30 p.m., and every other Saturday from 6 a.m. to 2:30 p.m.

28.    From November 2024 to February 2025, Plaintiff worked from 3:30 p.m. to 1:30 a.m. Sunday through Thursday, and every other Saturday from 6 a.m. to 2:30 p.m.

29.    From February 2025 to the end of his employment, Plaintiff worked Monday through Friday from 3:30 pm to 1:30 a.m., and every other Saturday from 6 a.m. to 2:30 p.m.

30.    Plaintiff's pay stubs show that Plaintiff was paid for only 40 hours per

week and was not paid overtime compensation mandated by the FLSA.

31.    Defendant did not compensate Plaintiff for hours worked in excess of 40 in a workweek at the FLSA-mandated rate of one and one-half times his regular rate of pay.

32.    Defendant violated the FLSA by willfully refusing to pay Plaintiff proper overtime compensation for time spent working over 40 hours in a workweek.

33.    Defendant's policy and practice of not paying Plaintiff at a rate of one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek violates the FLSA.

## COUNT I
### FAIR LABOR STANDARDS ACT VIOLATIONS
### UNPAID WAGES

34.    At all relevant times, Defendant was Plaintiff's employer and was engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

35.    At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

36.    Plaintiff was not exempt from the overtime requirements of the FLSA when employed by Defendant. 29 U.S.C. §§ 207 and 215(a).

37.    Plaintiff worked more than 40 hours per week and Defendant failed to pay overtime compensation at one and one-half times the regular rate of pay as

required by the FLSA. 29 U.S.C. §§ 207.

38.    Defendant's conduct of failing to pay the FLSA-mandated overtime constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39.    Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and request that this Court grant the following relief against Defendant:

A.    Award of all unpaid wages, including but not limited to, all unpaid overtime compensation, due under the FLSA to Plaintiff;

B.    Award of liquidated damages to the Plaintiff;

C.    Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

D.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

7

8

Respectfully submitted this March 18, 2025.

**HALL & LAMPROS, LLP**

/s/ *Ricardo Gilb*
Ricardo Gilb
Georgia Bar No. 564635
Christopher B. Hall
Georgia Bar No. 318380

300 Galleria Parkway,
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
ricardo@hallandlampros.com
chall@hallandlampros.com

*Attorneys for Plaintiff*